# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RHONDA R. TUTTLE,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | CAUSE NO.: 2:17-CV-135-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Rhonda R. Tuttle on March 27, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], filed by Plaintiff on November 17, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for benefits or further proceedings. On December 28, 2017, the Commissioner filed a response, and on January 16, 2018, Plaintiff filed a reply.

## I. Procedural Background

On October 28, 2013, Plaintiff filed an application for benefits alleging that she became disabled on June 1, 2013. Plaintiff's application was denied initially and upon reconsideration. On July 14, 2015, Administrative Law Judge ("ALJ") Kimberly S. Cromer held a video hearing at which Plaintiff, with an attorney representative, a vocational expert, and a medical expert testified. On July 31, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since October 28, 2013, the application date.

2. The claimant has the severe impairments of depression, anxiety, a cognitive impairment, low back pain, neuropathy, diabetes mellitus, bronchial asthma, sleep apnea, morbid obesity, a left calcaneal spur, avascular necrosis of the talar bone, and tendon synovitis.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 416.967(a) except she can no more than occasionally operate foot controls bilaterally. She can never climb ladders, ropes, scaffolds, crawl, or kneel. She can no more than occasionally climb ramps and stairs, balance, stoop, and crouch. There is no strong medical evidence in the record to warrant hand limitations. She can do no work at unprotected heights and she needs to avoid work hazards. She must avoid concentrated exposure to pulmonary irritants, extreme humidity, and extreme cold. She is limited to simple routine work involving only occasional decision making and only occasional changes in the work setting. Instructions should be given verbally and by demonstration rather than in complex written form. She can do no work in a fast-paced assembly line environment, and she is precluded from jobs involving tandem work.

5. The claimant is unable to perform any past relevant work.

6. The claimant was 36 years old, defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has a limited education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 28, 2013, the date the application was filed.

The Appeals Council denied Plaintiff's request for review and denied her request to reopen the decision, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial

evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.    Analysis**

Plaintiff argues that the ALJ failed to properly support her step three finding that Plaintiff did not meet Listing 12.05C. The Commissioner argues that the ALJ's decision is supported by substantial evidence.

Appendix 1 of the disability regulations contains a "Listing of Impairments" that the SSA has predetermined are disabling regardless of a claimant's age, education, or work experience. 20 C.F.R. § 404.1525(a). The Listings first enumerate criteria necessary to establish that a claimant's diagnosis is based on acceptable medical evidence. 20 C.F.R. § 404.1525(c)(2). The remaining criteria establish the severity the impairment much reach to be considered disabling. 20 C.F.R. § 404.1525(c)(2). A claimant meets Listing 12.05C if she meets each of these three criteria: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22"; (2) a valid verbal, performance, or full scale IQ of 60 to 70; (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. *See* Listing 12.00A, 12.05; *see also Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007); *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999).

In general, the claimant bears the burden of proving that her condition meets all the criteria of a Listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's Listing determination must "offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). If evidence exists in the record

that might establish that a Listing's criteria have been met, an ALJ cannot simply ignore it without explanation. *Ribaudo*, 458 F.3d at 583.

In this case, the ALJ stated only that Listing 12.05C was "not applicable, since the record does not document the presence of a cognitive deficit prior to age 22." Plaintiff argues that she met the Listing. Plaintiff points to an intelligence test administered when she was 32 years old by Dr. Victor P. Rini, which revealed an I.Q. score of 64. Plaintiff cites to case law supporting a presumption that a person's I.Q. remains stable over time. *See Ellis v. Astrue*, No. 2:10 CV 452, 2012 WL 359305, at *14 (N.D. Ind. Feb. 2, 2012) ("The circuit courts presume that a person's IQ remains stable, absent evidence of a change in intellectual function."); *see also Guzman v. Bowman*, 801 F.2d 273, 275 (7th Cir. 1986) (holding that absence of an I.Q. test during a given period does not preclude a finding of low I.Q. for that period based on a subsequent test). The Commissioner argues that the I.Q. test did not satisfy Plaintiff's burden to show "subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." The Commissioner points to Dr. Rini's report that "Plaintiff made little effort to answer the more difficult items of the test," and therefore "Plaintiff's test scores were likely lower than her intellectual ability."

The I.Q. test, combined with the ALJ's RFC finding that Plaintiff has significant work-related limitations, was evidence that might establish that Plaintiff met Listing 12.05C. Because the ALJ failed to discuss it, the Court cannot tell whether the ALJ acknowledged and rejected it or just ignored it entirely. Accordingly, the Listings section of the ALJ's opinion provides the type of "perfunctory" analysis for which remand is appropriate. *See Scott*, 297 F.3d at 596 (stating that when the analysis of the evidentiary record is so "perfunctory" that the court cannot

6

meaningfully review an ALJ's Listing determination, remand is required); *see also Clifford*, 227 F.3d at 874 ("For meaningful appellate review, however, we must be able to trace the ALJ's path of reasoning.").

On remand, the ALJ is instructed to fully articulate whether Plaintiff meets the criteria for Listing 12.05. Specifically, the ALJ should assess whether the I.Q. test administered by Dr. Rini constituted "a valid verbal, performance, or full scale IQ of 60 to 70," analyze whether that test or the record as a whole indicates "subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22," and describe the basis for those findings, so that a reviewer can "trace the ALJ's path of reasoning." *Clifford*, 227 F.3d at 874.

## V.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 15], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 27th day of August, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record